Judge Buckner,
delivered the opinion of the court.
At the March term of the Mason circuit court, 1828, Clift produced the opinion of this court,, in the case of Kercheval against Swope and Clift, reported in VI. Monroe, 362, to which we refer, ns containing a history of the facts which gave rise to this case; which was filed, and the cause re-docketted^
At the February term of that court, 1839, an interlocutory decree was entered, that John Kercheval' should' pay to said Ciift on or before the 7th dav of the May term in that year, the sum of $600. with-interest &c., subject toa credit of $70; and that upon payment made, Swope should execute to said J. Kerche-val a. deed of conveyance for the land in the bill mentioned, according to the agreement between them;-, and in pursuance of the opinion of this court.
At a subsequent term, Clift, having first obtained leave for the purpose, filed an amended answer, making it a cross-bill against John Kercheval; the object of which was to subject the land, wh'ch Kercheval had purchased from him, to sale, in satisfaction of the amount decreed in his favor at the February term 1-829. Kercheval answered, alleging that he had transferred-the land, in the bill mentioned, to his son Thomas B. Kercheval, for a consideration agreed u.pon, and delivered possession thereof to him which he still, retained, and resisting the relief sought.
Kercheval. having failed to pay the §600, &c. according to the decree of February 1829; in February 18.30, a decree was entered in pursuance of the prayer of the cross-hill, directing a sale, upon a credit of three months, of so much of the land as might he necessary to raise the sum named; to execute which, a commissioner was appointed, who was ordered to make report of his proceedings at the ensuing term; and to ornit to make a conveyance to the purchaser, until the further order of the court, until which time thesubject of costs was reserved.
At the May term 1830, the commissioner appoint* *509 ed made n report, (hat lie had on the 8!h of (haf month, in obedience to the decree of the court, and in codonnitv to the request of said .1. Kercheval, sold 89 acres of the tract, off the East side thereof, Elsev Berry, he having agreed to pay the amount decreed, for the smdlest number of aeres, &c. that after the land wa« sold, he had procured the county survevor to lay it off hy motes and bounds according to the sale, which are set forth in the report; whereupon it was received hy the court, and an Older entered, directing the commissioner to convey accordingly; who forthwith executed a deed of conveyance to the purchaser, and acknowledged it in open court, which was approved and recorded. Berry immediately filed his petition, with affidavit, alleging that Thomas B. Kercheval had possession of a part of the 89 acres which he had purchased at the commissioner’s sale. which he refused to surrender; and that he and his father, John Kercheval, with Elijah Groves were committing waste upon said tract; and praying for a rule against all of them, to shew cause why possession of the aforesaid 89 acres should net lie delivered to him. The rule was granted, and a copy of it having been served on each one, Groves alone appeared and contested the granting of the motion, on the ground, that he was and had been in possession of a part of said tract of 89 acres, long previous to the decree under which Berry purchased, claiming the same unlcr Overton’s patent; and at his instance, the motion was continued, so far ns he was concerned, until a subsequent term; but it was made absolutes against the two Kercheval?; and a writ of hnbere. fa-cias was awarded against them, for so much of the land embraced by the commissioner’s deed, as was not in Grove’s possestion.
Ata subsequent day of the term, however, the orders approving the commissioner’s report and deed, and directing the writ of possession were set aside, with the intention of permitting the matter to rest in that situation, until Grove’s defence should be disposed of.
At tlie August term 1830, the rule as to Groves was discharged; the court being of opinion that he ought not to be compelled; in the manner attempted, *510 to yield the possession of that part of the 89 acres to which he sat up claim, and which included about 21 acres; whereupon Berry filed an additional petition, in which he refers lo a survey executed by the surveyor of the county, under a previous order of the court; by which the part claimed by Groves is design noted, and from which it appears, that the surveyor at the instance of Berry, had laid off 89 acres of the land, which, by the decree, the commissioner was authorized to sell, in such manner as to exclude Grove’s claim; but to include as much more of the land purchased by Kerchival from Swope; and prays, that as it had been considerad improper to coerce possession from Groves, the court would setadde the deed made by the commissioner to him, and direct a conveyance to be made of tire same quantity, and according to the boundaries designated by the above mentioned survey; by doing which, he urges the land conveyed, would still lie on the East side of the tract purchased from Swope; that thereby all difficulty with Groves would be obviated, and justice between all parties attained; as the 21 acres included in lieu of that claimed by Groves were admitted to have been in the possession of Thomas B. Kercheval, holding under his father, John Kercheval, at the time of the sale by the commissioner; and was still in his possession.
J. Kerchival also filed a petition, in which here» sists the attempt made by Berry to procure an alteration iti the boundaries of the land purchased at the sale by the commissioner. He says, that the proposed alteration would include on the West of that already conveyed, the house in which his son Thomas B. resides, and other buildings attached thereto, with improvements, which had been estimated at $600; and insists that no land ought to be conveyed, other than that which was sold. lie offers, however, to permit the commissioner’s sale and deed to be set aside, and the amount of the decree to be made, by a sale of so much of the land purchased from Swope as ..may be necessary, which lies North of Grove’s line.
The court refused, however, to interfere in any respect with the sale by the commissioner, and ordered that the deed hitherto admitted to record, should be confirmed. It was further ordered, as it appear» *511 ed, that a crop of corn was growing on the land, which had been cultivated by Kerchival or his son Tilomas, that they should have until the 1st of No-vetnberof that year to remove it; after which the of possession should issue to deliver to Berry the whole of the land conveyed to him, except the part claimed by Groves.
After decree has been exe* caled by a ■ sale of the hind and a - conveyance of it made to the purchaser, it is loo late to reverse on the ground that the decree should have allowed day for the payment of the money.
This writ of error is now prosecuted by John and Thomas B. Kerchival against the defendants in error; and the following assignmentof errors has been made:
1st. The court erred in directing a sale at all, with* out day given.
2d. The court erred after having ascertained that land was sold, not in possession of (he parties to the suit,' in confirming the sale pro tanto; and in not quashing and setting it aside, in tofo.
3d. The court erred in fixing the position of the land sold; and after fixing a part on Gioves; in not taking in lieu of that, what was offered; and in selling law suits or controversies.
4th. In controlling or meddling with the deed of the commissioner, as the regulation of such deed is directed by express statute, in tile cieik’s office, between commissioner and cleric.
5th. In delivering possession of any part, without the whole. The chancellor never sells law suits, or decrees the conveyance of land, adversely possessed.
That day should have been allowed, by the decrep, for the payment of the money due from Kerchival, there is no doubt; and for the want of it, a reversal would have been the consequence, had an appeal been prosecuted which was prayed for, and granted at the term the' decree was entered; or had a writ of error been prosecuted in due time. But after the decree has been executed, bv a sale of the land, and a conveyance of it made to the purchaser, it is too late to reverse it on that ground. A reversal could not affect the validity of the purchaser’s title, and could not in any point of view, be of any benefit to Kerchival. Besides, a reversal of a decree to which Thomas B. Kerchival was not a party, cannot be effected upon the prosecution of a joint writ of error by him and another. The merits of the decree can* *512 not bo inquired in(o, under (lie presen! writ of error. We shall, therefore, pass over without further notice, the first, second, third and fourth errors assigned, as they all relate to the decree; and the remarks already made, as to the prosecution of the writ of error, jn the names of the plaintiffs in error, will apply .to them all.
IVtilion fur a rtj-heaiing.
But, if they considered themselves as aggrieved by the order of August 1 830, directing that possession should he delivered after (he 1st of Novcmbei', they have a right to prosecute a joint writ of error.
In examining the fifth assignment of eryor, we are ata loss to determine its true character; and whether it was intended to present a question, as to the propriety of directing possession of land, to be delivered io Berry, of which Thomas B. Kercheval ivas possessed, at the time of the making of the order. We suppose, however, that it was not so intended, for (ho complaint is not, that the execution of the order would oust him improperly of Ids possession, hut that it was wrong Wo deliver possession of n pari without the whole." But if the assignment had directly presented the question, we are not of opinion, that the order should have been reversed. It is considered, however, as unnecessary to entor into an examination of a question which has not been presented.
If the delivery of the 89 acres, excepting that in possession of Grove«, be the ground intended to be presented and relied on, as we presume it wa«, we must acknowledge, that we do not perceive how it can be seriously contended that the exception of Grove’s claim, can he properly complained of. as an injury to either of the plaintiffs in error singly, or to them jointly.
The order of August 1830, for possession, is, therefore,affirmed with costs.